[No. 3986.]

THE UPPER PLATTE AND BEAVER CANAL COMPANY ET
AL. v. THE FORT MORGAN RESERVOIR AND IRRIGA-.
TION COMPANY ET AL.

WATER RIGHTS—PROCEEDINGS TO ADJUDICATE PRIORITIES—APPEALS.
The method of taking appeals from proceedings adjudicating water
rights is regulated by section 2427, Mills' Ann. Stats., and not by the
code.   An appeal may be taken within two years from the time a
decree is rendered in such proceeding, but not afterwards.

*Appeal from the District Court of Weld County.*

*On Motion to Dismiss Appeal.*

Mr. H. N. HAYNES, for appellants.

Mr. J. W. McCREERY and Mr. J. E. GARRIGUES, for
appellees.

PER CURIAM.   Appellees move to dismiss this appeal upon
the ground that the statutes regulating appeals of this charac-
ter have not been complied with, and particularly, that the
appeal was not taken within the required time.

It appears from the record that on November 21, 1895, a
decree was rendered in the court below, adjudicating water
rights in district No. 1, to which proceedings the appellants
and appellees were parties.   That on the 28th day of Octo-
ber, 1898, appellants presented their statement, praying an
appeal from such decree, upon which an order allowing it was
obtained on the same day.   We have recently held that the
provisions of the code, relative to appeals, do not apply to
water adjudication proceedings, and that the method of taking
such appeals is regulated by section 2427, Mills' Ann. Stats.
*Daum v. Conley, ante* p. 56.   We also held in that case that
the time within which appeals from decrees of this character
could be taken was limited.   The provision of the statute
directly relating to the subject of such appeals, is silent as to
the time within which they may be taken.   The act relating

to the adjudication of water rights provides for special statutory proceedings, which are governed by its own provisions, or such implied ones as would necessarily be applicable. We must, therefore, look to the act for the purpose of ascertaining within what time the right of appeal from a decree adjudicating water rights can be exercised.

By section 2425, Mills' Ann. Stats., provision is made for a reargument or review of such decrees, with or without additional evidence, within two years after rendition. By section 2434, Mills' Ann. Stats., it is provided that original actions relating to rights affected by such decrees may be maintained within four years after entry. It seems clear from these provisions, that it was the intent of the legislature that such decrees should not be disturbed after the lapse of two years from date of entry, except by original proceedings. For this reason, the statement for an appeal in such cases must be presented within that period, as an appeal is not a new action, but a continuation of the original. The statement upon which the appeal was allowed, was not presented to the court below, until long after the lapse of two years from the date the decree was rendered, from which this appeal is sought to be prosecuted. We are, therefore, of the opinion that it was not presented in time, and that the lower court was without authority to entertain the application, or grant the order allowing the appeal. This conclusion makes it unnecessary to pass upon the motion to strike the bill of exceptions.

*Appeal dismissed.*